IKUTA, J.,
concurring in part and dissenting in part:
Although I concur in Sections I and III, I disagree with the analysis in Section II. In considering a motion to dismiss under Rule 12(b)(6), we “begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.” Ashcroft, v. Iqbal, — U.S. -, -, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). “We next consider the factual allegations in respondent’s complaint to determine if they plausibly suggest an entitlement to relief.” Id. at 1951. Under this test, Delta does not allege facts sufficient to survive a motion to dismiss.
*235 Setting aside Delta’s conclusory legal allegation that it is an intended third-party beneficiary of the Class Action Settlement Agreement, the essence of Delta’s factual allegations is that 1) defendants failed to issue certificates to eligible class members, 2) such failure was a breach of the Settlement Agreement, and 3) as a result, Delta was not compensated. See Settlement Agreement, Section 8.2.3. Because Delta does not allege that the Settling Defendants agreed in the Settlement Agreement to incur an obligation to Delta, the complaint’s factual allegations do not allow the court to draw the reasonable inference that Delta was an intended third-party beneficiary of the Settlement Agreement or that the defendants are liable to Delta for a breach of that agreement. The language in Section 8 of the Settlement Agreement quoted by the majority does not “plausibly give rise to an entitlement to relief.” Iqbal, 129 S.Ct. at 1950. Accordingly, the district court did not err in dismissing Delta’s complaint.